# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL J. FULLER

    Plaintiff,                                :      Case No. 3:07CV302

                                       :

  vs.                                             District Judge Thomas M. Rose

                                       :

REMINGTON HYBIRD SEED
COMPANY, INC.,

                                       :

    Defendants.

                                       :

---

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE** (Docs. # 43, 48, 62)

---

       This matter comes before the Court pursuant to Plaintiff's Motion in Limine (Doc. #43), Plaintiff's Second Motion in Limine and renewed Motion for Sanctions (Doc. #48) and Plaintiff's Second Motion for Sanctions and Third Motion in Limine (Doc. #62).

       Defendant in response to said Motions has filed Memorandums in Opposition (Doc. #51, 64, 65 and 70). Plaintiff has filed replies in support of said Motions (Doc. #63, 68 and 75). All Motions are now fully briefed and at issue.

       Plaintiff's first Motion (Doc#43) requests that the Court limit and/or exclude any reference or characterization of an incident on January 25, 2007 as a "bar fight". In addition Plaintiff requests the Court limit and/or exclude any reference, directly or indirectly to the Plaintiff's traffic stop in May 2006 as "the DUI".

Although the Court would not limit testimony and/or exhibits describing these incidents, the Court would exclude any reference and/or characterization of the January 25, 2007 incident as a "bar fight" and would further exclude any reference to the May 2006 traffic stop as "the DUI" especially since Plaintiff was not convicted of DUI or OMVI.

The final request by the Plaintiff in this first Motion is to limit and/or exclude a "summary" of dates, which included a notation "date of arrest" made by one Tim Bird. Obviously if the grounds for the Plaintiff's Motion are substantiated, the document will not be utilized and/or admitted into evidence. However, at this juncture the Court would deny said Motion as to this proposed exhibit without prejudice to reasserting at trial.

With regard to Plaintiff's Second Motion in Limine and Renewed Motion for Sanctions the Court would defer the ruling on said Motion until further Order of the Court reserving the right to impose sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(c) if found to be appropriate.

With regard to Plaintiff's Second Motion for Sanctions and Third Motion in Limine, this Court orders that the document referred to as the "Income Statement Report" be immediately produced to Plaintiffs within 24 hours of this filing. Further documents PX-12(N) and PX-12(O) produced by UNUM at its televideo deposition and pursuant to the Court's understanding, the same documents now supplemented by Defendant with its trial material are barred from being presented at trial.

Again, Plaintiff's Motion for Sanctions is deferred.

IT IS SO ORDERED.

August 12, 2009                    *S/THOMAS M. ROSE
                              _____
                                   Thomas M. Rose
                                     United States District Judge