# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL J. FULLER,

    Plaintiff,

-v-

REMINGTON HYBRID SEED
COMPANY, INC.,

    Defendant.

Case No. 03:07-CV-302

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING FULLER'S MOTION FOR ATTORNEYS' FEES AND COST (Doc. #95), MOTION FOR PERMANENT INJUNCTION (Doc. #96) AND MOTION TO RETAIN JURISDICTION (Doc. #97)**

---

Plaintiff Michael J. Fuller's ("Fuller's") complaint, filed on August 15, 2007, includes eight Counts. Count I is for violation of the Family Medical Leave Act ("FMLA"), Count II is for violation of the Employee Retirement Income Security Act ("ERISA") by wrongfully denying and delaying the provision of benefits. Count III is for violation of ERISA by interfering with employee benefits. Count IV is for retaliation in violation of ERISA. Count V is for breach of fiduciary duty in violation of ERISA. Count VI is for wrongful termination in violation of Ohio public policy. Count VII is for fraud and Count VIII is for punitive damages.

All of Fuller's claims were tried to a jury beginning August 17, 2009. On August 28, 2009, the Jury completed its deliberations. The Jury found for Defendant Remington Hybrid Seed Company ("Remington") on Counts I, II, IV, V, VI, and VII. (Doc. #89.) On Count III, the Jury found that Remington Hybrid Seed wrongfully interfered with Fuller's Long Term Disability benefits and awarded $14, 616. (Id.) It was not necessary to present Count VIII to the

Jury because it was bifurcated from the initial Jury determinations and Fuller was not successful on any claim that would entitle him to punitive damages.

Since completion of the Trial on Fuller's Complaint, Fuller has made several motions, three of which are now ripe for decision. Each of the three will be addressed seriatim.

**Motion for Attorneys' Fees and Costs**

In this timely-filed Motion, Fuller seeks an order awarding him reasonable attorneys' fees in the amount of $105,000 and costs in the amount of $18,000. (Doc. #95.) He asks the Court to convene a conference with counsel to establish further proceedings with respect to his request for attorneys' fees and costs. (Id.) Remington argues that attorneys's fees and costs are not warranted in this case, and requests discovery if the Court determines that attorneys' fees and costs are warranted.

"ERISA authorizes a district court, in its discretion, to 'allow a reasonable attorney[] fees and costs of action to either party' in an action by a plan participant." *Shelby County Health Care Corp. v. Majestic Star Casino*, LLC, 581 F.3d 355, 376 (6th Cir. 2009)(quoting 29 U.S.C. § 1132(g)(1)). The following five factors are to be considered when determining whether to award attorneys' fees: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorneys' fees; (3) the deterrent effect of an award on other persons under similar circumstances: (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Id.* (citing *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642 (6th Cir. 2006)). No single factor is determinative, and the Sixth Circuit has rejected a presumption that attorneys' fees should

ordinarily be awarded to the prevailing plaintiff. *Id.*

### 1. The Degree of the Opposing Party's Culpability Or Bad Faith

Fuller argues that Remington was culpable because the Jury determined that Remington breached its legal duty to him by interfering with his long-term disability benefits. Remington responds that there was no culpability on its part because it had offered Fuller, before he hired an attorney, the exact amount that the Jury awarded him. Thus, according to Remington, the same result would have been obtained if no suit had been filed.

Offering the same amount as awarded by the Jury before the lawsuit was initiated seems to be an act of good faith and can hardly be said to be in bad faith. Further, the Jury found Remington to be culpable for what it had already offered to pay. Therefore, this factor does not weigh in favor of an award of attorneys' fees and costs to Fuller.

### 2. The Opposing Party's Ability To Satisfy An Award of Attorneys' Fees

On this factor, Fuller argues that Remington has the ability to pay as supported by testimony at trial. Remington responds that it would be futile for it to argue this issue. Therefore, this factor weighs in favor of an award of attorneys' fees and costs to Fuller.

### 3. The Deterrent Effect Of an Award

Fuller argues that the Jury's finding that Remington interfered with his long-term disability benefits has a deterrent effect on other employers who may wish to interfere with employees' ERISA benefits. Remington responds that there is no deterrent effect where the defendant offered every penny plaintiff was entitled to before he even retained counsel.

If attorneys' fees were awarded in every case where a plaintiff was offered the amount which he ultimately obtained through the legal system, there would be a significant increase in

the amount of litigation because parties (and particularly attorneys) would have no motive to accept offers short of going to trial. This factor does not weigh in favor of an award of attorneys' fees and costs to Fuller.

### 4. Whether Party Requesting Fees Sought To Confer a Common Benefit

Fuller argues that, in this case, a common benefit is conferred on others who have been subject to after-the-fact interference by employers. Remington responds that Fuller is the only person who stood to recover anything in this case.

Remington's reasoning is persuasive. Fuller is the only ERISA plan participant who stood to recover anything in this case. Fuller's argument goes to future employers and thus is considered under the "deterrent effect" factor above and not here. This factor does not weigh in favor of an award of attorneys' fees and costs to Fuller.

### 5. The Relative Merits of the Parties' Positions

Fuller argues that this case involved numerous "hotly contested" claims that required a two week jury trial and a jury determination to resolve. Remington responds that it prevailed on every claim but one and it had offered the amount awarded on that claim before Fuller obtained counsel. Remington also asserts that it increased its offer before Trial to avoid the cost of the Trial.

The Jury determined that only one of Fuller's positions had merit and it was the claim that Remington offered to settle before Fuller obtained counsel for the exact amount ultimately awarded by the Jury. This factor does not weigh in favor of an award of attorneys' fees and costs to Fuller.

### Conclusion

The only factor to be considered that weighs in favor of awarding attorneys' fees and costs to Fuller is Remington's ability to pay those attorneys' fees and costs. The other four factors do not weigh in favor of an award of attorneys' fees and costs to Fuller. Fuller's Motion for Attorneys' Fees and Costs (doc. #95) is OVERRULED.

## Motion for Permanent Injunction

In this timely-filed Motion, Fuller seeks an order restraining and enjoining Remington from interfering, attempting to interfere, and/or causing interference or attempts to interfere with his entitlement to, applications for and/or attainment of his long-term disability benefits. This Motion is brought, according to Fuller, pursuant to Fed. R. Civ. P. 65 and is based upon the Jury's verdict and interrogatory answers establishing that Remington interfered with his entitlement to receive long-term disability benefits in violation of his ERISA rights and that Remington wrongfully interfered with his ERISA long-term disability benefits.[1] Fuller argues that he needs an injunction to ensure that Remington will not interfere with his long-term disability benefits in the future as it has in the past (as determined by the Jury).

Remington responds that Fuller sought no injunctive relief in his complaint[2] and there was no evidence at trial as to any grounds for injunctive relief. According to Remington, there was no showing of any likelihood of future conduct causing harm, there was no showing of irreparable injury, there is no evidence that Remington threatens to or will cause any damage to Fuller in the future and there is no evidence of past wrongful conduct but for non-payment of

---

[1]The Jury did not determine, as argued by Fuller, that Remington wrongfully denied and withheld his short-term disability benefits. In fact, the Jury specifically found that Remington did not wrongfully deny Fuller's ERISA short term disability benefits.

[2]To which Fuller responds by seeking leave to amend his Complaint.

$14,616 which Remington offered to pay before and during suit.

An injunction is an equitable remedy that should be issued only where the intervention of a court of equity "is essential in order effectually to protect property rights against injuries otherwise irremediable." *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982)(quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). Thus, a plaintiff seeking a permanent injunction must establish that: (1) it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay, Inc. v. MercExhange, L.L.C.*, 547 U.S. 388, 391 (2006).

The Parties Briefs on this Motion do not directly address all of the elements that must be shown to obtain a permanent injunction. However, each element will be addressed seriatim.

### 1. Irreparable Injury

An irreparable injury is an injury that cannot be redressed by a legal or an equitable remedy following a trial. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). An injury is irreparable if it is not fully compensable by monetary damages. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 578 (6th Cir. 2002)(citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992)). A violation of constitutional rights may also be irreparable harm. *Id.*

In this instance, Fuller argues that he will suffer irreparable injury if Remington's pattern of interference continues because he still has claims and unresolved issues with UNUM, the long-term disability provider. Thus, the only allegedly irreparable injury that Fuller identifies

that could be caused by Remington's interference is some impact that Remington could have on UNUM's future decisions regarding Fuller's long-term disability benefits. This alleged irreparable injury is remote at best since UNUM is the decision maker. Further, any causes of action that may arise against UNUM and/or Remington are fully compensable by monetary damages. Finally, a violation of constitutional rights is not involved here.

## 2. Remedies Available At Law

Remedies are available at law for the injury that Fuller has alleged. If Remington interferes with his ERISA rights in the future, he can again bring suit for monetary damages as he did in this case. If UNUM does not provide the benefits to which Fuller believes that he is entitled, he has a legal remedy available.

## 3. Balance of Hardships

Neither Party offers argument regarding this element. However, since Remington has indicated that it does not intend to interfere with Fuller's ERISA rights in the future, a permanent injunction would have no impact. If Remington's actions would be different if there was a permanent injunction, Fuller would experience less hardship with the injunction than without it.

## 4. Public Interest

Neither Party offers any argument regarding this element either. However, it is in the public interest to prevent a company from interfering with ERISA benefits. Yet, ERISA already does this and further intervention from the Court regarding possible future ERISA violations is not warranted.

## Conclusion

The balance-of-interest factor weighs slightly in favor of granting a permanent

injunction. However, Fuller has not shown irreparable harm and, if there is harm, Fuller has an adequate remedy at law. Fuller's Motion for a Permanent Injunction (doc. #96) is OVERRULED.

### **Motion To Retain Jurisdiction**

Fuller next asks the Court to retain jurisdiction to ensure that any injunctive relief may be summarily enforced. (Doc. #97.) However, the Court has declined to provide injunctive relief. Therefore, Fuller's Motion To Retain Jurisdiction (doc. #97) is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio this Ninth day of November, 2009.

**s/Thomas M. Rose**
———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record